**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**TAMPA DIVISION**

ANTHONY VALENTINE, et al.,
    Plaintiffs,

vs.                                    CASE NO.  8:14-CIV-652-EAK-MAP

BAC HOME LOANS SERVICING,
LP, et al.,
    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

    This cause is before the Court on Defendants', Bank of America, N.A., as owner of Countrywide Financial Corporation and Countrywide Home Loans, Inc., and BAC Home Loans Servicing LP, motion to dismiss (Doc. 6).[1]  Despite the Court giving the Plaintiffs an extension of time to file an appropriate response to the motion to dismiss, the Plaintiffs have failed to file a response.

## STANDARD OF REVIEW

    Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotation marks omitted).

---

[1] The other two named defendants have not appeared in this case yet but the Court finds that the ruling is applicable to them also.

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

## BACKGROUND

The Defendants motion to dismiss sets out the background of this case and the Court adopts the recitation:

> On January 2, 2007, Plaintiffs obtained a mortgage from Market Street Mortgage Corporation ("Market Street") for $271,600.00. Plaintiffs failed to comply with the terms of their mortgage, and accordingly, on or about October 16, 2007, Countrywide Home Loans, Inc. ("Countrywide"), the servicer of the loan, initiated a foreclosure action against Plaintiffs in the Hernando County Circuit Court, Case No.: H27CA2007002114 (the "Foreclosure Action"). *See* Compl., Par. 6; Exhibit C.
>
> On December 17, 2008, a final judgment of foreclosure was entered in Countrywide's favor in the Foreclosure Action. *See* Compl., Par. 7. In the instant action, Plaintiffs argue that this final judgment was improper as it was obtained through a forged assignment of mortgage. Based upon these allegations, Plaintiffs have brought forth the following causes of action: (1) Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA); (2) violations of the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA"); (3) Civil Conspiracy; (4) Abuse of

Legal Process; and (5) violation of the civil Racketeer Influenced and Corrupt Organizations Act (RICO).

### ARGUMENT

The Defendants assert that the case should be dismissed because it is barred as a compulsory counterclaim to the underlying foreclosure action, it fails to meet the pleading requirements of this Court, it is barred by the *Rooker-Feldman* Doctrine, and the complaint is legally insufficient or fails as a matter of law. The Court finds that the motion to dismiss well-taken and cites it with approval herein. The Court adopts the reasoning of the motion and finds that the cause of action must be dismissed with prejudice because this action is barred as it is a compulsory counterclaim to the underlying foreclosure action and is barred by the *Rooker-Feldman* Doctrine. Accordingly, it is

**ORDERED** that the motion to dismiss (Doc. 6) be **granted** and the Clerk of Court is directed to enter judgment for the Defendants and against the Plaintiffs and to close this cause of action.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 7th day of May, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record