UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY VALENTINE and
BERNIDINE VALENTINE,

       Plaintiffs,

v.                                      CASE No. 8:14-CV-0652-T-17MAP

BAC HOME LOANS SERVICING, INC.,
et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs move to proceed with their appeal *in forma pauperis*, pursuant to 28 U.S.C. § 1915 (doc. 30). The District Judge granted Defendants' motion to dismiss (doc. 10) and denied Plaintiffs' motions to alter or amend the judgment and for relief from judgment (docs. 16, 17). Plaintiffs, who did not proceed *in forma pauperis* in the underlying case, have filed a notice of appeal (doc. 29) and now move for *in forma pauperis* status based on unexpected financial difficulties. Upon consideration, I recommend Plaintiffs' application be denied.

The *in forma pauperis* statute is designed to ensure "that indigent persons have access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). The right to file *in forma pauperis* in civil matters is not absolute, it is a "privilege extended to those unable to pay filing fees...." *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969).[1] Here, Plaintiffs (husband and wife) have a monthly income of approximately $6,100 (for an approximate annual income of $73,200) and

---

[1] The Eleventh Circuit in an *en banc* decision, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

no minor dependents.  They own two vehicles and a home outright.  Although they have very little cash in their bank accounts, they also have very little debt.  In short, Plaintiffs' access to the courts does not seem to be blocked by their financial status.  *See Sears, Roebuck, and Co. v. Charles W. Sears Real Estate, Inc.*, 686 F.Supp. 385 (N.D. N.Y. 1988) (defendant not entitled to proceed *in forma pauperis* where he and his wife had combined annual income of between $34,000 and $37,000); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012 WL 5457466, at * 2 (E.D. Mich. Oct. 16, 2012) (recommending plaintiff's *in forma pauperis* request be denied where spouse had monthly income of $2,500, the couple owned a home, and had no dependents); *Whatley v. Astrue*, No. 5:11-cv-1009 (NAM/ATB), 2011 WL 5222908, at * 2 (N.D. N.Y. Oct. 14, 2011) (denying *in forma pauperis* motion because plaintiff had joint monthly income of between $2,410 and $2,910, despite that plaintiff had two dependent children).

In the alternative to asking the court to waive their appellate filing fees, Plaintiffs request permission to pay the fees in four equal payments (doc. 30 at 5).  Plaintiffs' finances do not warrant such an accommodation; nonetheless, to account for this request, I recommend Plaintiffs' deadline to pay the fees be extended from the usual 30 days to 45 days.  Therefore, it is

**RECOMMENDED**:

1.  Plaintiffs' motion for leave to appeal *in forma pauperis* (doc.30) be DENIED, and

2. Plaintiff be directed to pay the applicable filing fees within 45 days or this case be dismissed without prejudice.

DONE and ORDERED at Tampa, Florida, on November 17, 2014.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).